UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SEREENA BUSH

Plaintiff                                                    CIVIL ACTION NO

V.

GATESTONE & CO. INTERNATIONAL, INC.

Defendant                                                    FEBRUARY 4, 2015


COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, sues Defendant a non licensed collection agency doing business Maryland and alleges:

I. PRELIMINARY STATEMENT

1.      This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCP A"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, Maryland Collection Agency Act 7-101.

II. JURISDICTION

2.  The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 D.S.C. §1337.

III. ALLEGATIONS AS TO PARTIES

3.  Plaintiff is a resident of Bowie, MD.

4.  At all times material hereto, Defendant, Gatestone & Co International, Inc. ("Collection Agency), was "not licensed" at the location they provided on their collection letter as a collection agency by the Maryland Department of Financial Regulation. (See Exhibit 1)

5. At all times material hereto, Defendant was doing business in Maryland.

6. At all times material hereto, Defendant, was acting like a licensed collection agency with a principal place of business 1000 N. West Street, Suite 1200, Wilmington, DE 19801.

7. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

8. For an extended period of time, Defendant acted as collection agency for American Express in the State of Maryland.

9. In the course of its representation of American Express Defendant regularly collected or attempted to collect monies from consumers for delinquent open ended consumer credit accounts.

10. On or about January 13, 2015, Defendant sent or caused to be sent to Plaintiff written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for American Express purportedly owed by Plaintiff to the creditor.

11. A true and correct copy of the Collection Communication, is attached hereto and incorporated by reference as Exhibit "1."

## V. DEFENDANTS' PRACTICES

12. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "1" to consumers in a manner which was reasonably calculated to confuse or frustrate , or mislead MD consumers to believe that Defendant was a licensed collection agency and violated the FDCPA §1692e.

13. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "1" to consumers in a manner which was reasonably calculated to confuse or frustrate , or mislead MD consumers to believe that Defendant had a license at either address listed on their collection letter as provided in Exhibit 1.

## VI. ALLEGATIONS OF LAW

### A. General

14. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

15. At all times material hereto, American Express represented by Defendant were "creditor(s)" as said term is defined under 15 U.S.C. §1692a (4).

16. At all times material hereto, the amount purportedly owed to American Express represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

### A. Unlawful Claim

17. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

    a.    the use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e and

    b.    the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

18. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

19. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

**B. No collection agency license claim**

20. With respect to the attempt by Defendant to collect debt in Maryland without a proper collection agency license, was false, deceptive and misleading as more particularly described above, the conduct of Defendant violated the FDCPA.

WHEREFORE, Plaintiff, an individual, requests judgment be entered in his favor against Defendant for:

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;

2. An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and

3. Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

THE PLAINTIFF,
BY /S/ Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
34 Roger Street, Suite A
Blairsville, GA 30512
(706) 400- 2650
(443) 440-6372 Fax
bernardtkennedy@yahoo.com